IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE APPLICATION OF VENEQUIP, S.A., | ) ) | |
| Applicant, | ) ) | Case No. 21-cv-6297 |
| v. | ) ) | Judge Robert M. Dow, Jr. |
| CATERPILLAR, INC., | ) ) ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on an application [1] by Venequip, S.A., a Venezuelan entity, which seeks to issue subpoenas to an American company, Caterpillar, for documents and testimony to be used in a judicial proceeding in Switzerland between Venequip and one of Caterpillar's Swiss subsidiaries called Caterpillar S.A.R.L. ("CAT"), pursuant to 28 U.S.C. § 1782(a), and Federal Rules of Civil Procedure 26, 30, and 45. [1.]  For the following reasons, Venequip's application [1] is denied.

**I.    Background**

As an initial matter, it is undisputed that the actual parties to the Swiss proceeding are Venequip and CAT.  Caterpillar, the respondent to this application, is a nonparty.  As for the facts at the core of the Swiss proceedings, Venequip and CAT have had a long and sometimes productive business relationship over the past two decades.  They have entered into written Distribution and Services Agreements ("Agreements") pursuant to which Venequip has distributed, sold, and serviced Caterpillar equipment in Venezuela.  According to Venequip, CAT purported to terminate this business relationship in 2019.  The events surrounding the termination are hotly disputed.  In short, Venequip accuses CAT of bad faith; CAT says that Venequip defaulted on its obligations.

Last October, Venequip filed a petition alleging breaches of the Agreements in the Court of First Instance of the Republic and Canton of Geneva, Switzerland. [See 13-1.]  The selection of a Swiss venue follows from the terms of the Agreements, which state that they are governed by Swiss law and subject to Swiss courts.  [See 1-3 at 93, 125.]  Under Swiss law, the case is subject to mandatory mediation proceedings prior to the commencement of court proceedings.  The parties agree that the due date for Venequip's statement of claim that would commence those Swiss court proceedings is due on August 16, 2022.

Since submitting its October 2021 petition to the Court of First Instance of the Republic and Canton of Geneva, Venequip has submitted at least nine § 1782 applications in districts across the U.S. requesting discovery from various Caterpillar dealers, customers, and former employees. [See, *e.g.*, 1-6 (Venequip's Exhibit F).]  Venequip now petitions this Court to issue an order

requiring Caterpillar to submit a wide array of information that Venequip believes "will assist in the ongoing proceedings and investigations in Switzerland" and demonstrate that "CAT acted in bad faith with respect to Venequip, and in violation of the Distribution and Services Agreements." [1 at ¶¶ 4–5.] Caterpillar objects to Venequip's application. [See 13, 20.] The "taking-of-evidence stage of the litigation" in Switzerland has not yet begun in Venequip's action against CAT. [13-4 at ¶ 16.] As such, Venequip has not yet sought discovery directly from CAT.

## II. Legal Standard

Venequip invokes 28 U.S.C. § 1782, which the Supreme Court has described as "the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). Section 1782 contains three jurisdictional requirements: (1) the person from whom discovery is sought must reside or be found in the district where the application is made; (2) the discovery must be for use in a proceeding before a foreign tribunal; and (3) the application must be made by a foreign tribunal or an interested person. 28 U.S.C. § 1782(a).

If an application clears each of these three threshold jurisdictional requirements, courts then look to four discretionary factors in deciding whether to exercise the authority conferred in Section 1782. The Supreme Court has stressed that "a district court is not required to grant a § 1782 application simply because it has the authority to do so." *Intel*, 542 U.S. at 264. Instead, courts evaluate applications for discovery with reference to the following factors: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) whether the discovery request conceals an attempt to circumvent foreign proof gathering restrictions or other policies of a foreign country or the United States; and (4) whether the discovery requested is unduly intrusive or burdensome. See *In re Republic of Turkey*, 2021 WL 3022318, at *3 (N.D. Ill. July 16, 2021) (citing *Intel*, 542 U.S. at 264–65).

## III. Analysis

It is undisputed that Venequip's petition satisfies § 1782's three jurisdictional requirements: Caterpillar is headquartered in Deerfield, Illinois, and therefore "resides" in the Northern District of Illinois [2 at ¶ 22]; Venequip requests this discovery for use in its action pending before the Swiss court [*id.* at ¶¶ 23–24]; and Venequip, as the plaintiff in the Swiss proceedings, is an interested person in the foreign proceedings [*id.* at ¶ 25]. Caterpillar concedes this much. [See 13 at 6 ("Respondent does not contest that Venequip's application meets the threshold requirements, so long as the Swiss Petition remains pending.").] The question of whether to grant Venequip's petition thus turns on the Court's evaluation of the discretionary factors.

The first discretionary factor—whether "the person from whom discovery sought is a participant in the foreign proceeding" *Intel*, 542 U.S. at 264—slightly favors Venequip. The purpose of this factor is to assess whether the discovery sought is within the foreign tribunal's own reach. A foreign tribunal "has jurisdiction over those appearing before it, and can itself order them

2

to produce evidence," *id.*, therefore a request for aid under § 1782(a) is less compelling when the party from whom discovery is sought directly participates in proceedings before the foreign tribunal. Here, Caterpillar is not a party in the Swiss proceedings; if it were, then the Swiss tribunal could exercise its own jurisdiction to order production of the requested evidence. See *id*. Because Caterpillar is not a participant in the foreign proceeding, "their evidence, available in the United States, may be unobtainable absent § 1782(a)." *Id.* As a counterweight to that proposition, CAT is a subsidiary of Caterpillar and Caterpillar has stated that "to the extent the Swiss Court determines that Caterpillar, and not CAT Sàrl, has documents that would assist it in the Swiss proceeding, Caterpillar has undertaken to make those documents available to CAT Sàrl, so that CAT Sàrl can produce them." [13 at 8.] The offer and the parent-subsidiary relationship open the door to potential discovery without the involvement of the Court. Still, this factor cuts at least slightly in favor of Venequip because there is, of course, a difference between relying on an entity's promises of cooperation and a court order requiring—and perhaps compelling—that cooperation.

The second factor—"the nature of the foreign tribunal," *Intel*, 542 U.S. at 264—is neutral here. The parties seem to agree that discovery in U.S. courts can take place earlier and in a more robust manner than would be permitted under Swiss law. However, the parties dispute the receptivity of the Swiss courts to the presentation of evidence gathered under § 1782. The Court's review of the Swiss authorities cited in the briefs suggests that while the Swiss courts would not consider such evidence "downright null and void" [16-1 at 354], they still would approach the wholesale importation of American civil procedure warily and with a degree of skepticism, as American pre-trial discovery proceedings are "alien to Swiss law" and potentially inadmissible. [*Id.*] Given this view, it is a matter of common sense that the broader the effort to obtain discovery in the U.S., the greater the affront to the Swiss tribunal. Here, Venequip has cast its net widely—with multiple Section 1782 petitions—and at least the petition before this Court seeks rather broad categories of information.

The third factor—"whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions" or other foreign policies, *Intel*, 542 U.S. at 265—strongly favors Caterpillar. The agreements at the core of the dispute between Venequip and CAT contain forum-selection clauses explicitly stating that "all disputes arising out of or related to this Agreement are to be submitted solely to the competent courts of the Canton of Geneva, Switzerland, with any appeals being to the Swiss Federal Supreme Court." [1-3 at 93, 125.] Venequip agreed to a Swiss forum and the application of Swiss law when it entered into the Distribution and Service Agreements. The differences between Swiss and U.S. procedural law, including with respect to discovery, could not have been a mystery to sophisticated international companies entering into contracts worth tens and hundreds of millions of dollars. And those differences are significant. Thus, Venequip finds itself unable to obtain robust early discovery not because it lost a race to the courthouse door—indeed, it initiated the Swiss proceeding—but because it agreed *ex ante* to a particular forum and the set of rules that comes with that choice. See *Heraeus Kulzer, GmbH v. Biomet, Inc.*, 633 F.3d 591, 595 (7th Cir. 2011) (noting that courts should "watch out for . . . a forum-selection clause in a contract, which might indicate the parties' preference for a court system that doesn't contemplate the level of compulsory process available in America"); *Al-Ghanim v. IAP Worldwide, Servs., Inc.*, 2012 WL 13102517, at *11 (M.D. Fla. Jan. 18, 2012) (denying § 1782 relief due in part to "the existence of the parties' forum-selection clause"). Although case law recognizes that the third *Intel* factor does not require exhaustion of remedies, discoverability,

or admissibility in the foreign forum, see, *e.g.*, *Lumenis Ltd. v. Alma Lasers Ltd.*, 2013 WL 1707571, at * 2 (N.D. Ill. Apr. 19, 2013), that principle does not eliminate the importance of the parties' forum-selection and choice-of-law agreement. And, in conjunction with the second factor, it does counsel in favor of proceeding cautiously before overwhelming a foreign tribunal with "assistance" that it may not want or appreciate.

The fourth and final factor—whether Venequip's discovery requests are "unduly intrusive or burdensome," *Intel*, 542 U.S. at 265—is more difficult to gauge. As an initial matter, the standard that Venequip cites in its petition [see 2, at 13]—"If there is a possibility that the discovery sought may lead to information relevant to the subject matter of the action, then the discovery should generally be allowed"—has been superseded by the 2015 amendments to Rule 26(b)(1). See Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment. But even if the Court were to assume that the requests here would be proportional to the needs of the case and otherwise appropriate under U.S. law, this is not a surgically measured request for particularized information, but rather a series of typically broad and comprehensive discovery requests seeking "all documents or communications" "regarding" or "related to" various aspects of the business dealings between Venequip and CAT for the better part of two decades. And the requests for depositions cover similarly broad fields of inquiry.

Weighing the four *Intel* factors, the Court concludes that Venequip's request to invoke Section 1782(a) has not been satisfactorily supported at this time. Most significantly, the contracts that give rise to the dispute expressly call for the application of Swiss law in a Swiss forum, and the U.S. discovery processes that Venequip seeks to import are far afield from those that are available to it in Switzerland. The Court's decision to deny the application at this time is also influenced by Caterpillar's agreement to provide discovery ordered by the Swiss tribunal through its subsidiary, CAT, which is a party to the Swiss proceeding. The Court accepts Caterpillar's representation to that effect and anticipated good faith compliance. If events should demonstrate that Caterpillar did not mean what it appears to have said, Venequip may return to this Court with a renewed petition. With that said, the principles of deference to the parties' selection of Swiss law and a Swiss forum will remain in play, and the Court will defer to any expression by the Swiss tribunal of its views in regard to the scope of discovery it thinks appropriate to resolving this case under Swiss substantive and procedural law. Nevertheless, if Caterpillar declines to cooperate within those parameters, notwithstanding the offer to assist in its briefs to this Court [see 13 at 8], Venequip will be on more solid ground to ask this Court for assistance.

## IV. Conclusion

For the foregoing reasons, the Court denies Venequip's application [1] pursuant to 28 U.S.C. § 1782(a) to issue subpoenas for the taking of depositions and the production of documents from Caterpillar, Inc. for use in its Swiss proceedings against CAT.

Dated: March 18, 2022

Robert M. Dow, Jr.
United States District Judge

4